IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

Civil Action No. 4:21-cv-330-LPR

| | |
|---|---|
| GARY FLOWERS AND DEBBIE FLOWERS, Individually and on behalf of all others similarly situated, | Removed from the Circuit Court of Conway County, Arkansas, Civil Division 1, Case No. 15CV-21-60 |
| Plaintiffs, | |
| v. | |
| FLYWHEEL ENERGY PRODUCTION, LLC MERIT ENERGY COMPANY, LLC; CAER ENERGY, LLC f/k/a RIVERBEND OIL & GAS VIII, LLC | |
| Defendants. | |

**CAER'S BRIEF IN SUPPORT OF MOTION UNDER LOCAL RULE 23.1(3) TO DEEM CLASS ALLEGATIONS ABANDONED, STRIKE THEM FROM THE COMPLAINT, AND TRANSFER THIS CASE TO A REGULAR CIVIL DOCKET**

## INTRODUCTION

Plaintiffs missed the deadline to file a motion for class certification without explanation and without seeking an extension in this case. This is fatal to their class claims which are now deemed abandoned and should therefore be stricken from the Complaint. Specifically, pursuant to the plain language of Local Rule 23.1, Plaintiff's failure to move for class certification means they intentionally abandoned and waived all class action allegations in their Complaint in this case. Therefore, Plaintiffs' class allegations should be deemed waived and this Court should strike them from the Complaint and transfer this case to the regular civil docket.

**FACTUAL BACKGROUND**

On March 19, 2021, Plaintiffs Gary and Debbie Flowers ("Plaintiffs") filed a putative class action on behalf of themselves and similarly situated persons against Flywheel Energy Production, LLC ("Flywheel"), Merit Energy Company, LLC ("Merit"), and Caer Energy LLC, f/k/a Riverbend Oil & Gas VII, LLC ("Caer"). On April 21, 2021, Flywheel filed a notice of removal, to which Merit and Caer consented. (Doc. # 1 at 5.) On May 6, 2021, Flywheel filed a motion to consolidate this action with several other cases. (Doc. ## 17–18.) The Court granted that motion in part and denied it in part on July 30, 2021. (Doc. # 25.) Relevant here, the Court denied the request for consolidation with respect to this case, meaning that it has proceeded on its own docket.[1] (*Id*. at 2–3.)

On May 17, 2022, the Court entered its Final Scheduling Order ("Scheduling Order") in this case. (Doc. # 26.) The class-specific deadlines were as follows:

- November 1, 2022: deadline for all discovery related to class certification issues;

- January 2, 2023: discovery that solely relates to the merits may begin; and

- November 15, 2022: deadline to file any motion for class certification.

(*Id*. at 1–2.)

On October 6, 2022, the Court granted Caer's unopposed motion seeking a twenty-one (21) day extension of time to respond to Plaintiffs' discovery requests, which this did not require a modification of the Scheduling Order. (Doc. ## 30–31.) Subsequently, Flywheel filed a motion seeking to modify the Scheduling Order's deadlines for discovery related to class certification and the deadline to file motions for class certification. (Doc. # 32.) Specifically, Flywheel

---

[1] The Court stated it would "sync up the discovery period in all four cases . . . ." but issued a separate scheduling order that set deadlines for, among other things, filing a class certification motion. (*Id*. at 2.)

proposed "an extension of the deadline for discovery related to class certification to January 9, 2023, and in keeping with the scheduling orders, a deadline of two weeks later on January 23, 2023 for the Motions for Class Certification." (*Id.* ¶ 7.) The Court granted Flywheel's motion on November 4, 2022. (Doc. # 35.)

The Scheduling Order has not been modified since the Court's November 4, 2022 order (nor has any party sought to modify it). As a result, January 9, 2023 and January 23, 2023 were the respective deadlines for discovery related to class certification and filing any motion for class certification. As of the date of this filing, Plaintiffs neither filed a motion for class certification nor sought an extension of time for doing so in this case.

## **LEGAL STANDARD**

Federal district courts have "the power to establish reasonable times for the filing of documents and if those deadlines were not met, the court [has] the discretion to dismiss all or part of the suit." *Grandson v. Univ. of Minnesota*, 272 F.3d 568, 574 (8th Cir. 2001) (quoting *Burkhalter v. Montgomery Ward & Co.*, 676 F.2d 291, 294 (8th Cir. 1982)). With respect to class certification, the Local Rules provides:

> Failure to move for class determination and certification by the deadline set in the Final Scheduling Order ***shall constitute and signify an intentional abandonment and waiver of all class action allegations contained in the complaint*** and same shall proceed as an individual, non-class action thereafter and shall be transferred by the Clerk from the Class Action Docket to the regular civil docket. If any motion for class determination or certification is filed after the deadline provided in the Final Scheduling Order, it shall not have the effect of reinstating the class allegations unless and until it is acted upon favorably by the Court upon a finding of excusable neglect and good cause.

Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, 23.1(3) (emphasis added).

**ARGUMENT**

Plaintiffs missed the deadline to file a motion for class certification without seeking an extension. Such conduct demonstrates a degree of negligence that is not consistent with the diligent prosecution of this matter or the representation that "Plaintiffs' counsel are experienced in class action and oil and gas litigation and are well qualified to conduct this litigation and will fairly and adequately protect the interest of the class." (Doc. # 2, Complaint ¶ 35.) As a result, the class-related allegations in Plaintiffs' Complaint should be deemed intentionally abandoned, they should be stricken from the Complaint, and this case should be transferred to the regular civil docket.

This is particularly true where (1) Plaintiffs filed a motion for extension of time in the *Oliger* litigation[2] (but not this case, which is unconsolidated with that case and involves a separate Defendant), (2) Flywheel pointed that fact out to Plaintiffs in *Oliger* a week ago,[3] and (3) Plaintiffs have done nothing in response. This dilatory conduct leads to the logical conclusion—which is consistent with the directive of Local Rule 23.1—that Plaintiffs have abandoned their class claims.

Indeed, the Local Rules clearly establish that courts in this district will not tolerate the type of dilatory conduct Plaintiffs have exhibited here. Potential members of any class deserve to be represented by parties and counsel that will protect their interests in their absence and Defendants (really all parties and the Court as well for that matter) should be entitled to rely on the deadlines this Court sets. *See* Fed. R. Civ. P. 23(a)(4), (g). By treating delinquent class certification motions as an intentional abandonment of class allegations, Local Rule 23.1(3)

---

[2] *See Oliger v. Flywheel Energy Production, LLC*, No. 4:20-cv-01146-LPR (Doc. # 77).

[3] *See Oliger*, No. 4:20-cv-01146-LPR (Doc. # 80 at 5–6).

creates a reasonable response to evidence that putative class representatives or their counsel are not willing or able to satisfy responsibilities as basic as meeting deadlines in a scheduling order. Accordingly, Plaintiffs have provided ample justification for the application of Local Rule 23.1(3). *See, e.g.*, *Grandson*, 272 F.3d at 574 (affirming district court's decision to strike class action allegations when plaintiffs had "no credible excuse for neither seeking class certification before the deadline . . . nor seeking an extension of time."); *Campbell v. Blasingame, Burch, Garrard, & Ashley, P. C.*, No. 1:10-CV-1663-WCO-LTW, 2012 WL 13129939, at *1 (N.D. Ga. Aug. 21, 2012) (dismissing class action claims "for failure to seek class certification within the time outlined in [the local rules]."); *Vietnam Veterans of Am. v. Brown*, No. LR-C-93-526, 1994 WL 456470, at *1 (E.D. Ark. July 6, 1994) ("Having failed to comply with [the local rules], the Plaintiffs' class action allegation will be treated as abandoned and this case will be treated as an individual action.").

Additionally, allowing Plaintiffs to avoid the Local Rules would prejudice Defendants. *Joshlin v. Gannett River States Publ'g Corp.*, 152 F.R.D. 577, 579 (E.D. Ark. 1993) ("The Court's policy, as stated in [the local rules], is to expedite resolution of class certification issues for the benefit of the Court, the potential class members, and the parties as well.").[4] Defendants have met their obligations under the Scheduling Order by either meeting applicable deadlines or

---

[4] In *Joshlin* and *Brown*, the courts analyzed a prior version of the Local Rules that was substantially similar to the present version. The prior version established a deadline to file a motion to certify a class based on when a plaintiff filed a complaint in a class action, rather than a date set in a scheduling order, but the consequence for violating the rule was the same: "Failure to move for a class determination and certification within the time required herein shall constitute and signify an intentional abandonment and waiver of all class action allegations contained in the complaint." *Brown*, 1994 WL 456470, at *1; *Joshlin*, 152 F.R.D. at 578–79 (same).

making timely requests to modify them. Plaintiffs should be held accountable for failing to do the same.

## **CONCLUSION**

This Court's Scheduling Order established a reasonable time frame for the class-related deadlines in this case. Plaintiffs had notice of those deadlines and failed to comply with them without any justification. Therefore, Plaintiffs' class-related allegations should be deemed abandoned and stricken from their Complaint, and this case should be transferred to the regular civil docket, as the Local Rules require.

Dated:  February 2, 2023                    Respectfully submitted,

*s/ Joel S. Neckers*
Joel S. Neckers (*pro hac vice*)
Andrew W. Myers (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:     303.244.1800
Facsimile:      303.244.1879
Email: awmyers@wtotrial.com
            neckers@wtotrial.com

and

C. Michael Daily
Bar No. 2005223
Daily & Woods, PLLC
58 S. 6th St.
P.O. Box 1446
Fort Smith, AR 72901
Telephone:     479.782.0361
Facsimile:      479.782.6160
Email: mdaily@dailywoods.com

Attorneys for Caer Energy, LLC f/k/a
Riverbend Oil & Gas VIII, LLC

### CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on February 2, 2023, I electronically filed the foregoing **CAER'S BRIEF IN SUPPORT OF MOTION UNDER LOCAL RULE 23.1(3) TO DEEM CLASS ALLEGATIONS ABANDONED, STRIKE THEM FROM THE COMPLAINT, AND TRANSFER THIS CASE TO A REGULAR CIVIL DOCKET** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **M. Edward Morgan**
  eddie@medwardmorgan.com, crystal@morganlawfirmpa.com

- **Nathan St. John Morgan**
  nathan@morganlawfirmpa.com

- **William Thomas Crowder**
  willcrowder@thrashlawfirmpa.com, wcrowde@gmail.com

- **Thomas P. Thrash**
  tomthrash@thrashlawfirmpa.com

- **M. Christine Dillard**
  christine@ppgmrlaw.com

- **Samuel McLelland**
  sam@ppgmrlaw.com

- **G. Alan Perkins**
  alan@ppgmrlaw.com, selina@ppgmrlaw.com, christina@ppgmrlaw.com

- **Julie DeWoody Greathouse**
  julie@ppgmrlaw.com, gisela@ppgmrlaw.com

- **Michael Bailey Heister**
  mheister@qgtb.com, shogan@qgtb.com, lwest@qgtlaw.com

- **E. Jonathan Mader**
  jmader@qgtlaw.com, gsmith@qgtlaw.com

- **Robert Ryan Younger**
  ryounger@qgtlaw.com, gsmith@qgtlaw.com

*s/ Ya Bratcher*