**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**GARY FLOWERS AND DEBBIE FLOWERS,**
**Individually and on behalf of all others similarly situated**                    **PLAINTIFFS**

**vs.**                          **CASE NO. 4:21-cv-0330-LPR**

**FLYWHEEL ENERGY PRODUCTION, LLC,**
**MERIT ENERGY COMPANY, LLC, and**
**CAER ENERGY, LLC f/k/a RIVERBEND OIL & GAS**
**VIII, LLC**                                **DEFENDANTS**

**SEPARATE DEFENDANT FLYWHEEL ENERGY PRODUCTION, LLC'S**
**BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' CLASS CLAIMS**

Separate Defendant Flywheel Energy Production, LLC ("Flywheel") respectfully submits this Brief in Support of its Motion to Strike, and states as follows:

**BACKGROUND**

Plaintiffs have missed an important deadline.  They failed to move for class certification by the Court imposed deadline of January 23, 2023.[1]  They also failed to properly move for an extension of that deadline.  Those failures are fatal to Plaintiffs' class claims.  With no motion for class certification timely presented, the class claims must be stricken.  Flywheel joins its co-defendants in their request to strike.

**LEGAL STANDARDS**

A party who seeks class certification, must "affirmatively" move for it, showing how Rule 23 is satisfied.[2]  This Court has the power to set a deadline for such a motion and if it is not met,

---

[1] *Docs. 26, 32 & 35.*
[2] *Hudock v. LG Electronics U.S.A., Inc.*, 12 F.4th 773, 775 (8th Cir. 2021).

then this Court may "dismiss all or part of the suit."[3]  But the Eastern District of Arkansas goes a step further.  Pursuant to this Court's Local Rules, if the moving party fails to meet their certification deadline, then it "shall constitute and signify an intentional abandonment and wavier of all class action allegations contained in the complaint."[4]

Plaintiffs were entitled to request an extension of the certification motion deadline, but there's a proper procedure for that.  Such a motion may be served before filing, but it still must be filed promptly in the case.[5]  This Court's Local Rules provide that motions served must be filed with the Court within seven days of service to be proper.[6]  Failing to actually file a motion for extension means that it does not exist.

## FACTUAL BACKGROUND

Flywheel's story in this matter is similar to its co-defendants but differs slightly.  Flywheel provides the relevant undisputed facts at the outset:

- On January 20, 2023, Flywheel was served with Plaintiffs' motion for extension of time to file for class certification in the *Oliger* matter, with the separate *Flowers* case improperly listed in the style as if the cases were consolidated, which they are not.[7]  It was served on Flywheel via the CM/ECF system only because the motion was filed in the separate *Oliger* case involving Flywheel.[8]

---

[3] *Burkhalter v. Montgomery Ward and Co., Inc.,* 676 F.2d 291, 294 (8th Cir. 1982);  *Grandson v. University of Minnesota,* 272 F.3d 568, 573 (8th Cir. 2001);  LOCAL RULE 23.1, 26.1(13).
[4] LOCAL RULE 23.1(3).
[5] FED. R. CIV. P. 5(d).
[6] LOCAL RULE 5.4.
[7] *See Oliger v. Flywheel,* No. 20-cv-1146-LPR, *Doc. 77, 80* at 2 (E.D. Ark. Jan. 20, 2023) ("*Oliger*")
[8] *Id.* at 1, 5.

- On January 26, 2023, Flywheel alerted Plaintiffs to the filing problem in its Response to Plaintiffs' Motion for Extension of Time in the *Oliger* matter.[9]

- The Court's scheduling order in this case required any motions for class certification to be filed in this case no later than January 23, 2023.[10]

- Even if the improper notice of the motion in a separate case was considered valid, Plaintiffs were required to file their previously served motion for extension in this case no later than January 27, 2023, pursuant to Local Rule 5.4.[11]

Now, as of the filing of this motion to strike, Plaintiffs never filed a motion for extension or a motion for class certification.  Pursuant to the Local Rule, Plaintiffs' class claims are deemed abandoned.

## ARGUMENT

### *Failure to File*

Plaintiffs' problems begin with a previously served motion for extension.  Plaintiffs could be considered to have served Flywheel with a motion for extension of the class certification deadline in this case via another case.[12]  But the previously served motion does not constitute a proper motion for extension in this case because Plaintiffs failed to file it within seven days of serving Flywheel, pursuant to Local Rule 5.4.[13]  Thus, Plaintiffs' haphazardly served motion for

---

[9] *Oliger* (*Doc. 80*) at 2 ("Plaintiffs' motion paints with a broad brush by lumping together the *Oliger, Flowers*, and *Eubanks* cases.  These three cases are not consolidated, but merely 'sync[ed] up.'") (footnotes omitted).

[10] *Doc. 26.*

[11] LOCAL RULE 5.4.

[12] *See Oliger v. Flywheel,* No. 20-cv-1146-LPR, *Doc. 77* at 1, 5 (E.D. Ark. Jan. 20, 2023)

[13] LOCAL RULE 5.4; FED. R. CIV. P. 5(d).  Flywheel also points out that Plaintiffs never served the other Defendants in this case.  An explanation for why is pointed out in Flywheel's pleading, *Doc. 80*, in the *Oliger* case.

extension bears no weight in this case.  Without any motion for extension, the class certification deadline has lapsed.

### *Striking Abandoned Class Claims.*

Missing the class certification deadline constitutes intentional abandonment of those allegations.[14]  The abandonment means that the (now) former-class action must proceed as an individual case, not a class action.[15]  And for Plaintiffs there is not much play in the joints with that outcome.  The use of "shall"[16] in Local Rule 23.1(3) mandates that the Court must (1) construe the claims as waived; (2) construe the case as individual claims, not class; and (3) transfer the case off of the class action docket.[17]  With the class claims abandoned, they should be stricken.

## CONCLUSION

Plaintiffs failed to comply with this Court's Scheduling Order or properly move for an extension of time for class certification.  Pursuant to Local Rules, those claims are abandoned and waived.  Thus, they should be stricken.

WHEREFORE Separate Defendant Flywheel Energy Production, LLC prays that its Motion to Strike be granted, that Plaintiffs' Complaint be transferred off of the Class Action docket, allow Plaintiffs to move forward on their individual claims only, and for all other just and proper relief to which it may be entitled.

---

[14] LOCAL RULE 23.1(3).

[15] *Id.*

[16] Pursuant to 28 U.S.C. § 2071(b), this District Court is authorized by Congress to prescribe its own local rules of procedure.  Rules prescribed by 28 U.S.C. § 2071(b) have the force of federal statute.  *See Crozier for A.C. v. Westside Community School District,* 973 F.3d 882, 888 (8th Cir. 2020) (citing *Sibbach v. Wilson Co.,* 312 U.S. 1, 13 (1941)). According to the 8th Circuit, a statutes use of "shall" means "mandatory."  *Hennepin Cnty. v. Fed. Nat. Mortg. Ass'n*, 742 F.3d 818, 822 (8th Cir. 2014).

[17] LOCAL RULE 23.1(3).

Respectfully Submitted,

G. Alan Perkins, AR Bar #91115
Julie Greathouse AR Bar #99159
M. Christine Dillard, AR Bar #2019161
Samuel S. McLelland, AR Bar #2020101
*Attorneys for Separate Defendant Flywheel Energy*
*Production, LLC*
PPGMR Law, PLLC
P.O. Box 3446
Little Rock, AR 72203
Telephone: (501) 603-9000
Facsimile: (501) 603-0556
E-mail: alan@ppgmrlaw.com
        julie@ppgmrlaw.com
        christine@ppgmrlaw.com
        sam@ppgmrlaw.com