IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| GARY FLOWERS AND DEBBIE FLOWERS, individually and on behalf of all others similarly situated, | § § § | |
| | § | CIVIL ACTION NO. 4:21-cv-330-LPR |
| *Plaintiffs,* | § | |
| v. | § | |
| | § | |
| FLYWHEEL ENERGY PRODUCTION, LLC;  MERIT ENERGY COMPANY, LLC;  CAER ENERGY, LLC f/k/a RIVERBEND OIL & GAS VIII, LLC. | § § § § | |
| | § | |
| *Defendants.* | § | |

## MERIT ENERGY COMPANY, LLC'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS

Gary and Debbie Flowers missed the deadline to file a motion for class certification in this case.  On top of that, they also failed to ask for an extension of the already-extended January 23, 2023, deadline that the Court set on November 7, 2022.  Under Local Rule 23.1(3), the Flowers's class allegations are abandoned and waived.  Absent excusable neglect and good cause, any attempt to revive their class allegations should be denied.  The Flowers's apparent oversight is nothing more than garden variety neglect and does not warrant excusing their failure to timely file a motion for class certification.  The Court should therefore strike the Flowers's class allegations in their entirety and this case should proceed as an individual action.

## ARGUMENT

The Court set the deadline for the Flowers to file a motion for class certification on or before January 23, 2023.  Doc. 35 (granting Doc. 32, Flywheel Energy Production, LLC's Motion

for Extension of Deadlines and Incorporated Brief in Support).  They failed to do so.  On January 16, 2023, the Flowers's lawyer called Merit Energy Company, LLC's ("Merit's") lawyer to ask for an extension of the deadline to file a motion for class certification.  He also mentioned that the Flowers would want an opportunity to conduct limited expert discovery within the confines of that extension.  Merit's counsel agreed to take the request under advisement.  On January 20, 2023, Merit responded it would not object if plaintiffs requested a 30-day extension of the deadline to file a motion for class certification, but Merit would object to any reopening discovery.  Plaintiffs' lawyers had no further contact with Merit and did not file for any relief in this case.

Instead, they filed a motion in another case, which Merit was not made aware of until three days after the deadline had passed.  That filing asks for another four months to complete discovery and file a motion for class certification in that case, but not this one.  Now, even after Flywheel's lawyers told the Flowers's lawyers about the problem, *see Oliger*, No. 4:20-cv-1146-LPR, Doc. 80, at 5-6 (E.D. Ark.), the Flowers have not taken any steps to fix it.  As it stands, the deadline for filing a motion for class certification has passed, the Flowers's class allegations are abandoned and waived, and there is no motion pending in this case.

Local Rule 23.1(3) provides the standard for the Court to consider reviving the Flowers's class allegations:  excusable neglect and good cause.  The Flowers cannot show either.  This Court uses a similar standard to determine if a party can file a notice of appeal out of time.  *See Gould v. Bond*, 1 F.4th 583, 588 (8th Cir. 2021) (stating "the district court may extend the time to file a notice of appeal if the party seeking the extension shows 'excusable neglect or good cause'").  *Gould* is instructive.  There, the appellant's lawyer believed he had sent a notice of appeal to his assistant for filing, but he had not.  *Id*.  One day passed before he realized his mistake and then promptly moved to file the notice out of time that same day.  *Id*.  The district court granted the

motion.  *Id*.  The Court of Appeals held that the motion should have been denied because the "untimeliness was the result of 'garden variety' delay by Gould and negligence by his two attorneys, not their excusable neglect . . . ."  *Id*.

Here, the Flowers have yet to acknowledge their mistake by filing some sort of motion in this case—even 11 days after the fact and eight days after they were specifically told about it.  The Flowers's only excuse must be that they thought a filing in *Oliger* would constitute a filing in this case.  Whether they believed (incorrectly) that this case had been consolidated with *Oliger* or somehow flagged as a related case in a way that notice of their motion would be sent to all counsel in this case, that is just the kind of negligence this Court should deem insufficient to constitute excusable neglect.  *See Gould*, 1 F.4th at 588;  *see also Grandson v. Univ. of Minnesota*, 272 F.3d 568, 574 (8th Cir. 2001) (affirming district court's decision to strike class action allegations when plaintiffs had "no credible excuse for neither seeking class certification before the deadline . . . nor seeking an extension of time."); *Campbell v. Blasingame, Burch, Garrard, & Ashley, P. C.*, No. 1:10-CV-1663-WCO-LTW, 2012 WL 13129939, at *1 (N.D. Ga. Aug. 21, 2012) (dismissing class action claims "for failure to seek class certification within the time outlined in [the local rules]."); *Vietnam Veterans of Am. v. Brown*, No. LR-C-93-526, 1994 WL 456470, at *1 (E.D. Ark. July 6, 1994) ("Having failed to comply with [the local rules], the Plaintiffs' class action allegation will be treated as abandoned and this case will be treated as an individual action.").

If a person can lose his own right to appeal for a less egregious mistake, then it only makes sense that the Flowers must now lose their right to represent a class of people who might depend on them to prosecute their interests more carefully in the future.

**<u>CONCLUSION</u>**

For these reasons, the Flowers's class allegations should be stricken and any subsequent motion to revive them should be summarily denied for lack of excusable neglect and good cause.

Respectfully submitted,

Michael B. Heister (2002091)
R. Ryan Younger (2008209)
E. Jonathan Mader (2020180)
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
mheister@qgtlaw.com
ryounger@qgtlaw.com
jmader@qgtlaw.com

*Attorneys for Merit Energy Company, LLC*