IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GARY FLOWERS and**                                                              **PLAINTIFFS**
**DEBBIE FLOWERS,**
*Individually and on behalf of all*
*others similarly situated*

v.                     Case No. 4:21-cv-00330-LPR

**FLYWHEEL ENERGY PRODUCTION, LLC;**
**MERIT ENERGY COMPANY, LLC; and**
**RIVERBEND OIL & GAS VIII, LLC**                             **DEFENDANTS**

**ORDER**

Pending before the Court are three Motions for Summary Judgment. Each Defendant in this case—Flywheel Energy Production, LLC,[1] Merit Energy Company, LLC,[2] and Riverbend Oil & Gas VIII, LLC[3]—has filed its own Motion for Summary Judgment. Plaintiffs have filed two essentially identical briefs responding to the three Motions.[4] All of Defendants' Motions for Summary Judgment are GRANTED. Here's why.

In a series of Orders entered in *Hurd v. Flywheel Energy Production, LLC* and *Pennington v. BHP Billiton Petroleum (Fayetteville), LLC*, the Court has resolved nearly all of the dispositive legal issues that are at play in the instant case.[5] The Court need not repeat the content of those

---

[1] Flywheel's Mot. for Summ. J. (Doc. 87).

[2] Merit Energy's Mot. for Summ. J. (Doc. 98).

[3] Riverbend's Mot. for Summ. J. (Doc. 90). About a year and a half after the instant case was removed to federal court, Riverbend submitted a Notice of Change of Corporate Structure, detailing that it had been bought by another company and that Caer Energy, LLC had become its successor-in-interest. (Doc. 38). In subsequent filings, Riverbend/Caer has styled itself as Caer Energy, LLC, f/k/a Riverbend Oil & Gas VIII, LLC. *See, e.g.*, Riverbend's Br. in Supp. of Mot. for Summ. J. (Doc. 91) at 1. Throughout this Order, the Court refers to this Defendant as "Riverbend."

[4] Br. in Resp. to Defs.' Mot. for Summ. J. (Doc. 95); Br. in Resp. to Merit Energy's Mot. for Summ. J. (Doc. 103).

[5] *See Hurd v. Flywheel Energy Prod., LLC*, No. 4:21-CV-01207-LPR, 2023 WL 3687166 (E.D. Ark. May 26, 2023) ("*Hurd* Certification Order"); *Hurd v. Flywheel Energy Prod., LLC*, No. 4:21-CV-01207-LPR, 2023 WL 5669094 (E.D. Ark. July 25, 2023) ("*Hurd* Summary Judgment Order I"); *Hurd v. Flywheel Energy Prod., LLC*, No. 4:21-CV-01207-LPR, 2024 WL 4571445 (E.D. Ark. Oct. 24, 2024) (slip op.) ("*Hurd* Summary Judgment Order II"); *Pennington*

Orders here.  Instead, the Court adopts and incorporates the findings, analyses, and conclusions from those Orders as if they were fully set out herein.  With this in mind, the Court can turn to the Plaintiffs' claims.

## I. Declaratory Judgment and Breach of Contract (Counts I and II)

With respect to Counts I and II, the Plaintiffs' allegations in this case are essentially identical to the allegations in *Hurd* and *Pennington*.[6]  Primarily, Plaintiffs allege that: (1) Flywheel—as the operator—has been unlawfully deducting post-production expenses from the first 1/8 royalty paid out to Plaintiffs; and (2) Riverbend and Merit Energy—as the working interest owners—are acting in breach of the gross proceeds leases by failing to pay Plaintiffs the delta between what Flywheel is paying (a net proceeds royalty) and what Plaintiffs believe they are contractually owed (a gross proceeds royalty) with respect to the first 1/8 royalty.

Plaintiffs' claims fail for the same reasons such claims failed in *Hurd* and *Pennington.* First, the statutory blended royalty provided for by Arkansas Code Annotated section 15-72-305 entirely replaces the first 1/8 royalty owed under the relevant leases.[7] Second, Defendants' deductions of post-production expenses from the statutory blended royalty are permitted by the statute.[8]  Plaintiffs spill quite a bit of ink in their briefs contesting the Court's interpretation of

---

*v. BHP Billiton Petroleum (Fayetteville), LLC*, No. 4:20-CV-00178-LPR, 2024 WL 4652196 (E.D. Ark. Nov. 1, 2024) (slip op.).

[6] *Compare* Compl. (Doc. 2) ¶¶ 21–27, 36(b)–36(j), 44, 47–52, *with* Second Am. Compl. ¶¶ 7–17, *Hurd v. Flywheel Energy Production, LLC*, No. 4:21-CV-01207-LPR (E.D. Ark. filed Dec. 19, 2022), ECF No. 28, *and* Pls.' Statement of Controverted Facts at 2–3, *Pennington v. BHP Billiton Petroleum (Fayetteville), LLC*, No. 4:20-CV-00178-LPR (E.D. Ark. filed Sept. 1, 2023), ECF No. 134-1.

[7] *See Hurd* Certification Order at *5–8; *Hurd* Summary Judgment Order II at *2, *16 (denying a motion to reconsider the Court's conclusion in the *Hurd* Certification Order that the statute replaces the first 1/8 royalty owed under the plaintiffs' leases).

[8] *See Hurd* Certification Order at *9–10; *Hurd* Summary Judgment Order II at *6–16 (providing additional detail as to why section 15-72-305 permits post-production expense deductions).

section 15-72-305.[9]  But none of Plaintiffs' arguments are novel or persuasive.  The Court thus declines to reconsider the interpretation of section 15-72-305 that it previously laid out in the *Hurd* case.[10]  Accordingly, no Defendant is violating the statute, and no Defendant is in breach of a lease.

In their Complaint, Plaintiffs assert some back-up claims.  Their first back-up claim is a Takings Clause claim.  They say:

> "[I]f [section] 15-72-305 is interpreted or applied to prohibit or to override gross proceeds leases, then that interpretation or application is an unconstitutional taking and transfer of the Plaintiffs' . . . valuable rights, interests[,] and properties to [Merit Energy and Riverbend] . . . in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article 2 Section 22 of the Arkansas Constitution . . . ."[11]

It is not clear whether Plaintiffs believe that it is the Court's interpretation of the statute or the statute itself that is effecting the taking.  But that lack of clarity is unimportant because the Court has previously addressed (and rejected) both takings theories.[12]  Once again, none of Plaintiffs' arguments on this point are novel or otherwise persuade the Court to reconsider its prior conclusions.

As a second back-up claim, Plaintiffs argue that, if section 15-72-305 overrides their gross proceeds leases, then Merit Energy and Riverbend "must account to the Plaintiffs . . . as unleased mineral owners and give up and pay over to Plaintiffs . . . the value . . . of all gas produced and sold attributable to Plaintiffs . . . ."[13]  Essentially, Plaintiffs request that the Court treat their gross proceeds leases as void.  They thus demand that Merit Energy and Riverbend (retroactively and

---

[9] Br. in Resp. to Defs.' Mot. for Summ. J. (Doc. 95) at 6–11; Br. in Resp. to Merit Energy's Mot. for Summ. J. (Doc. 103) at 6–11.

[10] *See supra* note 5.

[11] Compl. (Doc. 2) ¶ 47(c).

[12] *See Hurd* Summary Judgment Order II at *17–19;  *see also Pennington*, 2024 WL 4652196, at *2–3 (dismissing other constitutional—or constitutionally-flavored—arguments).

[13] Compl. (Doc. 2) ¶ 47(f).

3

going forward) treat Plaintiffs "as unleased mineral owners" and pay Plaintiffs "the value to [Merit Energy and Riverbend] of all gas produced and sold attributable to Plaintiffs . . . , including interest and any other monetary or economic benefits, advantages o[r] profits . . . ."[14]

Under Arkansas law, "the law in effect at the time a contract is made forms a part of the contract as if it had been expressed in the contract."[15] The rights and obligations created by section 15-72-305 thus became a valid part of the leases at the time of formation. There is no reason in law (or equity) to consider the leases void, rescinded, or otherwise invalid simply because Plaintiffs disagree on the correct interpretation of the relevant law that was incorporated into the leases.[16]

For the foregoing reasons, Defendants are entitled to summary judgment on Counts I and II of Plaintiffs' Complaint.

## II.    Unjust Enrichment (Count III)

Plaintiffs' Complaint states that Count III is asserted "[a]gainst [a]ll Defendants."[17] Notwithstanding that language, it appears that Plaintiffs either always meant to bring their unjust enrichment claims against Flywheel alone or have now abandoned their unjust enrichment claims with respect to Merit Energy and Riverbend. In any event, it is clear from Plaintiffs' summary judgment briefing that, at this point, Plaintiffs are only pursuing their unjust enrichment claims against Flywheel.[18] That's not surprising, considering that Plaintiffs have valid lease agreements

---

[14] *Id.*

[15] *Woodend v. Southland Racing Corp.*, 337 Ark. 380, 384, 989 S.W.2d 505, 507 (1999); *see also Hurd* Certification Order at *8 (explaining that plaintiffs' "private leases are effectively rewritten immediately upon integration").

[16] In their briefing, Plaintiffs do not provide any argument for why their contracts with Riverbend and Merit Energy should be considered void, rescinded, or otherwise invalid. *See generally* Br. in Resp. to Defs.' Mot. for Summ. J. (Doc. 95) at 6–11; *see also* Br. in Resp. to Merit Energy's Mot. for Summ. J. (Doc. 103) at 6–11.

[17] Compl. (Doc. 2) at 13.

[18] *See* Br. in Resp. to Merit Energy's Mot. for Summ. J. (Doc. 103) at 12 ("While Plaintiffs' claims for unjust enrichment are asserted against Flywheel, a party that they do not have a contractual relationship with, Merit benefits from Flywheel's improper conduct."); *see also* Br. in Resp. to Defs.' Mot. for Summ. J. (Doc. 95) at 12 ("Plaintiffs'

4

with Merit Energy and Riverbend.[19]  Under Arkansas law, the unjust enrichment theory generally does not apply when there is an express contract.[20]  (Plaintiffs do not seriously argue that the instant case falls into what are very rare exceptions to this general rule.)  In short, either there are no live unjust enrichment claims against Merit Energy and Riverbend or those Defendants are entitled to summary judgment on such claims.

Plaintiffs' briefing on Count III is dedicated to supporting their unjust enrichment claims against Flywheel.  These claims are doomed to fail.  Under Arkansas law, "to find unjust enrichment, a party must have received something of value, *to which he was not entitled* . . . ."[21]  But, as the Court has previously concluded, Flywheel *was entitled* to deduct post-production costs from the first 1/8 royalty payment.[22]  So Flywheel has not been unjustly enriched and, thus, summary judgment on the unjust enrichment claims is appropriate.

### III.    Deceptive Trade Practices (Count IV)

Count IV of the Complaint alleges violations of the Arkansas Deceptive Trade Practices Act.[23]  A successful ADTPA claim requires "(1) a deceptive consumer-oriented act or practice

---

claims for unjust enrichment are asserted against Flywheel, a party that they do not have a contractual relationship with.  The evidence clearly establishes that Flywheel took deductions as a result of its wrongful acts.").

[19] *See* Pl.'s Resp. to Flywheel's Statement of Undisputed Facts (Doc. 97) at 1.

[20] *Lowell Perkins Agency, Inc. v. Jacobs*, 250 Ark. 952, 958–59, 469 S.W.2d 89, 92–93 (1971).

[21] *Guar. Nat. Ins. Co. v. Denver Roller, Inc.*, 313 Ark. 128, 138, 854 S.W.2d 312, 317 (1993) (emphasis added).

[22] *See Hurd* Certification Order at *9–10, *Hurd* Summary Judgment Order II at *6–16.  That Flywheel's predecessors-in-interest declined to make those deductions is of no moment.  Flywheel "cannot be held to be unjustly enriched merely because [it] has chosen to exercise a legal or contract right."  *Whitley v. Irwin*, 250 Ark. 543, 550, 465 S.W.2d 906, 910 (1971).

[23] Compl. (Doc. 2) ¶¶ 60–63; Br. in Resp. to Defs.' Mot. for Summ. J. (Doc. 95) at 14; Br. in Resp. to Merit Energy's Mot. for Summ. J. (Doc. 103) at 14.

which is misleading in a material respect, and (2) injury resulting from such act."[24] The resulting injury must include "actual financial loss."[25]

As to the first element, Plaintiffs generally allege that "Defendants engaged in unconscionable, false, and deceptive acts and practices in business by failing to comply with the terms of Plaintiffs' . . . gross proceeds oil and gas lease."[26] But the only "failures to comply" specifically alleged in the Complaint are Flywheel's deduction of post-production expenses from the 1/8 royalty and Merit Energy/Riverbend's refusal to make up for the deduction on the back end.[27] This conduct does not constitute deceptive acts or practices. As explained in *Hurd* and *Pennington*, Flywheel was authorized to deduct post-production expenses under section 15-72-305 and Merit Energy/Riverbend did not have to make up the difference with respect to the first 1/8 royalty.[28]

This renders the instant case distinguishable from the cases cited in Plaintiffs' briefing.[29] Exercising one's legitimate contractual and statutory rights—without more—cannot constitute a deceptive or fraudulent business practice. And there's nothing "more" set out in the Complaint. For example, it is never alleged that Defendants engaged in fraudulent or misleading

---

[24] *Skalla v. Canepari*, 2013 Ark. 415 at 14, 430 S.W.3d 72, 82.

[25] *Parnell v. FanDuel, Inc.*, 2019 Ark. 412 at 4, 591 S.W.3d 315, 318.

[26] Compl (Doc. 2) ¶ 62.

[27] *Id.* ¶¶ 24, 26. *See also* Pl.'s Resp. to Def. Merit Energy's Statement of Undisputed Facts (Doc. 102) at 2.

[28] *Hurd* Certification Order at *9–10; *Hurd* Summary Judgment Order II at *6–16.

[29] *See* Br. in Resp. to Defs.' Mot. for Summ. J. (Doc. 95) at 14; *see also* Br. in Resp. to Merit Energy's Mot. for Summ. J. (Doc. 103) at 14. In all of the cases cited by Plaintiffs, any potential ADTPA violation hinged on plausible allegations of, or genuinely disputed material facts with respect to, the taking of improper deductions. *See, e.g.*, *Wallace v. XTO Energy, Inc.*, 2014 WL 4202536, at *2 (E.D. Ark. Aug. 22, 2014) ("[P]laintiffs . . . allege that . . . defendants 'secretly carried out [their] scheme' to take improper deductions from and underpay plaintiffs' royalty payments through a variety of tactics . . . includ[ing] . . . misrepresenting on plaintiffs' check stubs that a proper accounting was made, starting with a price that was too low, and omitting that [post-production expenses] were deducted . . . . Taken as true, plaintiffs' allegation that defendants engaged in fraudulent conduct survives a motion to dismiss."). Since the deductions taken by the Defendants in the present case were not improper, the cases cited by Plaintiffs do not suggest that Defendants have engaged in deceptive trade practices. If anything, they suggest the opposite.

communications or actions in any of their interactions with Plaintiffs. The sole allegation made by Plaintiffs is that Defendants "failed to comply" with the gross proceeds leases. Again, that allegation is simply not true. Section 15-72-305, which is incorporated into the terms of the relevant leases, permits post-production deductions.

Because Plaintiffs cannot possibly prevail on the first element, the Court need not consider the second element. Defendants are entitled to summary judgment on all of Plaintiffs' Count IV claims.

*   *   *

For the foregoing reasons, all three of Defendants' Motions for Summary Judgment are GRANTED.[30] Judgment will be entered for Defendants Flywheel Energy Production, LLC, Merit Energy Company, LLC, and Riverbend Oil & Gas VIII, LLC on all live claims, and this case will be CLOSED.

IT IS SO ORDERED this 29th day of January 2025.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[30] (Doc. 87); (Doc. 90); (Doc. 98).